# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PAUL FAZZINI,
:
    Petitioner,                                   Case No. 3:03-cv-389

:            District Judge Walter Herbert Rice
  -vs-                                       Magistrate Judge Michael R. Merz

SHERIFF THOMAS HAYES, et al.,
:
    Respondents.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pursuant to 28 U.S.C. §2241 by Paul Fazzini. The case was initially filed *pro se*, but the Court has appointed the Federal Public Defender as counsel for Mr. Fazzini, both on this matter and to represent him in his parole revocation proceeding. The case is before the Court both on the merits of the Petition and on Petitioner's Motion to Enjoin the Parole Commission from conducting a revocation hearing. Since the revocation hearing has now been held, the Motion to Enjoin is moot and should be denied on that basis.

On the merits, Mr. Fazzini seeks to be released from custody on the ground that his parole cannot be revoked because he is not on parole, but rather on probation. The background facts are not in dispute. On April 22, 1987, Fazzini was convicted in the United States District Court for the Northern District of Illinois of armed bank robbery and using a firearm during the commission of a crime of violence. He was sentenced to fifty years confinement to be followed by five years probation. On April 27, 1990, the sentence was reduced to twenty-five years. On March 22, 2001,

he became entitled to be released because of accumulated good time credits under 18 U.S.C. §4163. The following section of the criminal code, 18 U.S.C. §4164, provides that a person released under §4163 shall "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred eight days."

When Fazzini was released, he signed the same day a Certificate of Mandatory Release, (Exhibit C to Response to Petition (Doc. No. 15) as) which purports to advise him of his status as a mandatory releasee and of the conditions which he must obey and for violation of which he can be revoked. Four days later, Fazzini also signed a set of Conditions of Probation (Exhibit A to Traverse, Doc. No. 26) which recite that he has been placed on probation by Judge Ann C. Williams of the Northern District of Illinois for a period of five years, commencing with the date of his release.

Apparently Fazzini was treated as if he were on probation.[1] In late 2002 or early 2003, he was charged with a probation violation for refusal to submit blood for analysis under the DNA Analysis Backlog Reduction Act. On January 10, 2003, the Northern District of Illinois decided he could be required to submit and ordered him to do so, without revoking his probation. He then appealed to the United States Court of Appeals for the Seventh Circuit where his appeals remain pending (Case Nos. 03-1167 and 03-2552).

In the meantime, Fazzini left the Northern District of Illinois and came to Ohio where he immediately attracted the attention of the Ohio Highway Patrol by driving ninety-five miles per hour on Interstate 70. When stopped, he was found to have registration and driver's license problems as

---

[1] Supervision of probationers, parolees, mandatory releasees, and supervised releasees is all done by local United States probation officers rather than by separate entities.

well and was transported to the Preble County Jail. Once he was in custody on the state charges, he came to the attention of the United States Parole Commission, which instituted revocation proceedings.

Those proceedings are now complete. Fazzini has been found in violation of the conditions of his mandatory release for the traffic violations (including possession of counterfeit plates and a counterfeit driver's license), leaving the Northern District of Illinois, failing to submit to drug testing, failing to maintain employment, and apparently preparing to commit robberies (criminal tools and maps having been found in his car). His mandatory release has been revoked and he has been ordered recommitted until a presumptive re-parole date of January 11, 2008. See Parole Commission Notice of Action (Exhibit I to Doc. No. 28). He has a right of administrative appeal to the National Appeals Board.

The crucial question, then, is whether Fazzini was in fact on parole when arrested in this District or whether he was on probation. The parties do not dispute that the two statuses are mutually exclusive: Fazzini is either on parole or probation, but not both.

This Court should not attempt to decide that question because it is squarely presented in the appeal(s) now pending before the Seventh Circuit. The United States has sought dismissal of the appeal on the grounds that, as a mandatory releasee, Fazzini is not subject to revocation of a probation that he is not on, apparently conceding that it therefore cannot force him to contribute DNA under the Backlog Reduction Act. Judge Zagel to whom the case is now assigned in the Northern District has declined to dismiss the probation revocation proceedings before him because he concludes that the evidence of that Fazzini is a mandatory releasee, rather than a probationer, "is not all that conclusive." This language is quoted by Petitioner in his Traverse as supporting his

position, but the Traverse also quotes Judge Zagel as saying "[o]ne pure legal issue is properly before the Court of Appeals and that is whether the federal statutes require that Fazzini be treated as being under mandatory release under all circumstances." Traverse, Doc. No. 26, at 13. Thus it appears clear that the Seventh Circuit Court of Appeals has jurisdiction, acquired before this Court acquired jurisdiction, to decide the precise issue which governs the outcome.

While it is clear that the Seventh Circuit has jurisdiction, it is unclear that this Court does. The Government does not deny that Fazzini is in custody in this District and that an action under 28 U.S.C. §2241 is the proper method to obtain habeas review of a Parole Commission decision. However, a prisoner must exhaust administrative remedies before bringing a §2241 action. *Little v. Hopkins*, 638 F. 2d 953 (6th Cir. 1981). This of course parallels the exhaustion requirement for habeas corpus actions under 28 U.S.C. §2254. If for some reason the Seventh Circuit fails to decide the controlling question of law, a §2241 action would then be available to Fazzini to challenge his continued confinement.

It is accordingly recommended that this action be dismissed without prejudice for lack of exhaustion of administrative remedies.

April 14, 2004.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).